UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
MONIQUE AUCOIN,                       )
                                      )
            Plaintiff,                )
                                      )
    v.                                )   Civil Action No. 13-0321 (ABJ)
                                      )
THE PRUDENTIAL INSURANCE              )
COMPANY OF AMERICA, *et al.*,         )
                                      )
            Defendants.               )
_____)

# MEMORANDUM OPINION

This suit involves a claim for disability benefits pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. Compl. [Dkt. # 1] ¶ 1. Plaintiff Monique Aucoin sues the D.R. Horton Long Term Disability Plan (the "Plan"), the benefit plan sponsored and administered by her former employer D.R. Horton Corp., and the Plan's claims administrator, Prudential Insurance Company of America, for denying her claim for disability benefits. *See* Compl. ¶ 4. Prudential moves to transfer the case pursuant to 28 U.S.C. § 1404(a) to either the District of New Jersey, where Prudential is located, or the District of Arizona, where plaintiff resides and was employed by D.R. Horton. *See* Mot. to Transfer Venue ("Mot.") and Mem. in Supp. of Mot. ("Mem.") [Dkt. # 6]. D.R. Horton joins the motion, and plaintiff opposes it. *See* Def. The D.R. Horton Long-Term Disability Plan's Notice of Joining Prudential's Mot. to Transfer [Dkt. # 8]; Pl.'s Opp'n to Defs.' Mot. to Transfer Venue ("Opp'n") [Dkt. # 9]. For the reasons stated below, Prudential's motion to transfer will be granted, and the Court will transfer the case to the District of New Jersey.

**BACKGROUND**

Plaintiff Aucoin sues defendants under Section 502 of ERISA, 29 U.S.C. §1132, for denying her claim for disability benefits. Compl. ¶ 1. Aucoin lives in Arizona and was employed by defendant D.R. Horton until she became disabled. *See id.* ¶¶ 5–6, 11. D.R. Horton Corp. is a home construction company with its principle place of business in Texas. D.R. Horton Corp. Annual Report 2012 ("Annual Report") [Dkt. # 9-3], Ex. 3 to Opp'n at 1. D.R. Horton sponsored and administered the plan at issue in this case. *See* D.R. Horton, Inc. Long Term Disability Coverage [Dkt. # 6-1], Ex. 1 to Mot. at 46. Defendant Prudential served as D.R. Horton's claims administrator. *Id.* at 47. Prudential is a New Jersey corporation with its principal place of business in New Jersey. Compl. ¶ 7; Mot. ¶ 3.

**LEGAL FRAMEWORK**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The defendant, as the moving party, bears the burden of establishing that transfer is proper. *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001). The Court has "broad discretion to decide whether transfer from one jurisdiction to another is proper." *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 45 (D.D.C. 2006), citing *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978). The decision to transfer requires an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The threshold question under section 1404(a) is whether the action "might have been brought" in the transferee district. "In cases involving multiple defendants . . . all defendants must have been subject to process in the transferee court before the case can be transferred."

*Levin v. Majestik Surface Corp.*, 654 F. Supp. 2d 12, 15 (D.D.C. 2009), citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). ERISA permits nationwide service of process in "any . . . district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); *see Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) ("There is no question that the last clause of § 1132(e)(2) authorizes nationwide service of process."). Service of process in turn establishes personal jurisdiction, *see Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) ("When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction."), as long as Fifth Amendment due process is satisfied by the defendant's having minimum contacts with the United States as a whole, *see Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 567–68 (6th Cir. 2001); *Lorelei Corp. v. Cnty. of Guadalupe*, 940 F.2d 717, 719–20 (1st Cir. 1991) (per curiam); *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 171–72 (D.D.C. 2003). Venue, in turn, is appropriate for an ERISA claim, "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

After meeting the threshold requirement, the Court must balance case-specific private-interest and public-interest factors. *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience weighs strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout*

*Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

## ANALYSIS

Defendants' motion seeks to transfer this case to either the U.S. District Court for the District of New Jersey or the District Arizona. The Court will only consider the motion to transfer to New Jersey because none of the parties has stated a preference between the two proposed districts, and the defendants offer less evidence for the convenience of Arizona than New Jersey. *See Virts v. Prudential Life Ins. Co. of America*, No. 13-320 (JDB), 2013 WL 2994872, at *2 (D.D.C. June 18, 2013) (analyzing one of two possible transferee district proposed by defendants).

A Section 1404(a) transfer is valid if (1) venue is appropriate in the district from which transfer is sought; (2) venue is appropriate in the district to which transfer is sought; and (3) the convenience of the parties, witnesses, and the interest of justice are satisfied in light of the private and public interest factors. *See, e.g., Gipson v. Wells Fargo*, 563 F. Supp. 2d 149, 156 (D.D.C. 2008).

### I. Venue is Appropriate in the District of Columbia

The parties do not dispute that this case could have been filed in the District of Columbia. Plaintiff properly served process on defendants in the District of Columbia. Valid service of process on defendants in the District of Columbia pursuant to the nationwide service of process provision confers personal jurisdiction over defendants in other federal courts as well, including in the District of New Jersey. *See Med. Mut. of Ohio*, 245 F.3d at 567 ("Congress has the power

4

to confer nationwide personal jurisdiction; and we hold that it conferred such jurisdiction under § 1132(e)(2) . . . ."); *see also Ohio Bldg. Restoration*, 260 F. Supp. 2d at 171–72 ("Where Congress has authorized nationwide service of process, a federal court may exercise personal jurisdiction over any United States resident, without regard to whether its sister state court could assert jurisdiction under minimum contacts principles.") (internal quotation marks omitted). Thus, venue is appropriate in the district from which transfer is sought.

## II.     Venue is Appropriate in the District of New Jersey.

Pursuant to Section 1132(e)(2), venue is also appropriate in the District of New Jersey. Defendant Prudential "resides" there, *see* 28 U.S.C. § 1391(c)(2) (defining corporate residency "[f]or all venue purposes" as where the corporation is subject to a court's personal jurisdiction), and D.R. Horton can be "found" there, *see* Annual Report at 2 (listing New Jersey among the states where it conducts homebuilding operations). Thus, venue is appropriate in the district to which transfer is sought.

## III.    All the Interests Warrant Transfer

The convenience of parties and witnesses and the interest of justice warrant transfer of this case.

### A.      Private Interest Factors

#### 1.      Plaintiff's Choice of Forum

Aucoin argues her choice of forum receives "special weight" because this is an ERISA case. Opp'n at 6–7, citing *Int'l Bhd. of Painters and Allied Trades Union and Indus. Pension Fund v. Best Painting and Sandblasting, Co.*, 621 F. Supp. 906, 1118 (D.D.C. 1985), *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 56 (D.D.C. 2011); *Joyce v. E. Concrete Paving Co.*, Civ. 96-1343 (PLF), 1996 WL 762323, at *1 (D.D.C. Sept. 5, 1996). It is true that in

5

ERISA cases, a plaintiff's choice of forum usually receives special weight in a Section 1404(a) transfer analysis, *see Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 193 (D.D.C. 2004), especially if the plaintiff has chosen the venue where the plan is administered. *See, e.g., Holland*, 815 F. Supp. 2d at 57 (suggesting "heightened" deference when a plan is administered in plaintiff's chosen forum). But "this deference is not absolute." *Virts v. Prudential*, 2013 WL 2994872 at *3 (quoting *Gipson*, 563 F. Supp. 2d at 157). Plaintiff's chosen forum receives "diminished consideration" if it has "no meaningful ties to the controversy." *Virts* at *3, citing *Sheldon v. Nat'l R.R. Passenger Corp.*, 355 F. Supp. 2d 174, 178 (D.D.C. 2005). For example, when the ERISA plan is administered outside the forum, the weight of plaintiff's choice is weakened. *Virts* at *3, citing *Campbell v. Consol. Bldg. Specialties*, 683 F. Supp. 271, 273 (D.D.C. 1987) (granting motion to transfer ERISA case where plan administration took place outside the plaintiff's selected forum). Deference to the plaintiff's chosen forum is further reduced when the forum is not the plaintiff's home district. *Virts* at * 3, citing *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (giving "substantially less deference" when plaintiff brought suit outside plaintiff's home forum).

Here, Aucoin's chosen forum receives little weight because the key factors that would warrant giving it special weight are not present. The plan is administered outside the District of Columbia. *See* D.R. Horton, Inc. Long Term Disability Coverage, Ex. 1 to Mot. at 46 (stating the plan administrator is located in Fort Worth, Texas). Further, plaintiff's claim for benefits arose outside the District of Columbia: Aucoin resides in Arizona where she filed for disability benefits, D.R. Horton administered the plan under which she sought benefits in Texas, and Prudential administered her claim for benefits in New Jersey. Aucoin's only asserted tie to the District of Columbia area is the location of her counsel. *See* Opp'n at 11–12, 15. But "[t]he

6

location of counsel carries little, if any, weight in an analysis under § 1404(a)." *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 324 (D.D.C. 1991). Given this, Aucoin's chosen forum is given diminished consideration.

### 2. Defendants' Choice of Forum

"[T]he presumption [in favor of plaintiff's choice of forum] may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere." *Turner & Newall, PLC v. Canadian Universal Ins. Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987). This case has strong ties to the proposed transferee District of New Jersey. Prudential's principal place of business is in New Jersey, and a defendant's principal place of business in the transferee venue is a "legitimate reason[]" for granting a § 1404(a) motion. *See Bergmann v. U.S. Dep't of Transp.*, 710 F. Supp. 2d 65, 74 (D.D.C. 2010). Further, none of the parties to this case reside in the District of Columbia, and the cause of action arose outside this District. Given this fact, the District of New Jersey has stronger ties to this case than the District of Columbia, where the only connection to the matter is the location of counsel. This is not a case where transfer will "merely shift the balance of inconvenience from Defendant to Plaintiff." *See Int'l Painters & Allied Trades Indus. Pension Fund v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 57 (D.D.C. 2004) (internal quotation marks omitted). Rather, transfer reduces net inconvenience, and this factor thus favors transfer.

### 3. Whether the Claim Arose Elsewhere

The question of where the claim arose turns on whether there is a nexus between the underlying transactions and the forum. *Gipson*, 563 F. Supp. 2d at 158. There is no dispute that Aucoin's claim arose outside in the District of Columbia. Defendants argue that Aucoin's claim arose in Arizona, where she suffered the disability. *See* Mot. ¶ 2; Mem. at 6 (arguing that her

7

claim arose in Arizona where she lives and worked). Plaintiff does not make any argument about where her claim arose, only that the lawsuit "has arisen by the failure of Defendant, [Prudential], to pay disability benefits to the Plaintiff in accordance with The D.R. Horton Long Term Disability Plan." Opp'n at 1. Some courts consider an ERISA claim to arise where the plan is administered, which in this case is Texas. *See, e.g. Gipson* at 158 (finding that claim for breach of fiduciary duty occurred where the plan was administered). Other courts consider it to be where the decision was made to deny benefits, which in this case is New Jersey. *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 4 (D.D.C. 2004) (holding that an ERISA claim arose where the actions that caused plaintiffs' economic harm occurred). The Court considers plaintiff's claim to have arisen in New Jersey, where Prudential, as the claims administrator, denied plaintiff's disability claim. This factor, thus, favors transfer.

### 4. Convenience of the Parties

When analyzing convenience to the parties, the Court considers "potential travel cost and lost work impact." *Gipson*, 563 F. Supp. 2d at 159. New Jersey is a more convenient location for Prudential because its headquarters are located there, and personnel key to the challenged decision are located nearby. Mem. at 7. *See Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 593 (E.D. Va. 1992) (transferring to District of New Jersey because of factors "in New Jersey or its environs"). Although Arizona is presumably more convenient for plaintiff and D.R. Horton since they are both located there, Aucoin does not argue that it is more convenient for her or that New Jersey is less convenient. Instead, she contends only that the District of Columbia will be convenient for counsel because "both law firms have attorneys who practice in this Court and are located nearby." Opp'n at 15. But, again, convenience to counsel is given little, if any, weight. *Armco Steel Co.*, 790 F. Supp. at 324. Moreover, although plaintiff resides in Arizona,

8

she has filed her lawsuit here and thus, has already assumed the burden of spending time and money to travel to this District for potential court appearances. *See Treppel v. Reason*, 793 F. Supp. 2d 429, 437 (D.D.C. 2011) (granting a defendant's motion to transfer in part because the plaintiff made clear he was willing to forego the convenience of a forum closer to home). Because plaintiff has shown she is prepared to assume the burden of travelling across country to litigate this case, and litigating the case in New Jersey is more convenient for defendants, the Court concludes that the District of New Jersey is more convenient for the parties than the District of Columbia.

### 5. Convenience of Witnesses

The parties expect this matter to be decided on the administrative record, without discovery, *see* Mem. at 2 n. 2, Opp'n at 15, and no party provides the names and locations of witnesses it would intend to call.[1] Accordingly, the Court has no basis on which to evaluate this factor, and this factor is not likely to become relevant in this case. *See Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc*., 702 F. Supp. 1253, 1258 (E.D. Va. 1988) ("influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved").

### 6. Ease of Access to the Sources of Proof

Defendants contend that certain Prudential documents are located in New Jersey, and proof regarding Aucoin's disability is located in Arizona, Mem. at 2 and 6, although all parties expect this case to be decided on the record. Mem. at 2 n. 2; Opp'n at 15. Plaintiff does not contend that any sources of proof are located in the District of Columbia – only that this case will

---

1  Defendants do state that any witnesses for Prudential will be located in New Jersey. Mem. at 2.

be determined on summary disposition based on the claim record. Opp'n at 14. Because "the location of documents has been made increasingly insignificant by the availability of electronic discovery," *see, e.g., Holland*, 815 F. Supp. 2d at 58, the Court does not consider this factor to weigh heavily in its analysis. No party claims that any sources of proof are in this District, however, so this factor tips in slightly favor of transfer to the District of New Jersey, where "the bulk of discoverable information lies." Defs.' Reply in Support of Mot. to Transfer Venue [Dkt. # 10] at 3 n. 1.

### B. Public Interest Factors

#### 1. Transferees' Familiarity with the Governing Laws

The familiarity of the District of New Jersey with the governing laws does not affect the transfer analysis because this factor loses force when the issue involves federal law and all federal courts are "competent to decide federal issues correctly." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003), quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987) (internal quotation marks omitted). Given this and the fact that none of the parties present argument on this factor, the Court does not consider this factor to influence the analysis.

#### 2. Relative Congestion of the Courts

No party has presented facts on this factor. Defendants contend there is no concern regarding the relative congestion of the courts, Mot. at 8, while Aucoin asserts the lack of a trial in an ERISA case undermines this factor in the analysis, Opp'n at 8. Although publically

available data suggests that this District may be marginally more congested that the District of New Jersey,[2] this factor does not weigh heavily in the Court's analysis.

### 3. Local Interests in Deciding Local Controversies

Finally, the local interest in having localized controversies decided at home favors transfer. Defendants contend that the District of Columbia has no particular interest in this case because it is a private dispute about entitlement to ERISA plan benefits. Mem. at 7. Plaintiff makes no argument on this issue. Defendants are correct that the District of Columbia has no particular interest in this dispute: Aucion's claim arose outside this District, the plan is administered outside the district, and plaintiff's claim for disability was determined outside the District. Thus, this factor favors transfer.

## CONCLUSION

For the reasons stated above, the Court will grant Prudential's motion for transfer and transfer this action to the District of New Jersey. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 14, 2013

---

2 "If the case ends without trial, [the District of Columbia] averages a disposition time of 9.7 months, while the District of New Jersey averages a disposition time of 3.7 months. If the case does proceed to trial, [the District of Columbia] averages a disposition time of 50.3 months, while the District of New Jersey averages a disposition time of 32.3 months." *See Virts*, 2013 WL 2994872, at *2 (footnotes omitted).